UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Little Rock Sun Times, LLC, | Civil No. 21-1138 (DWF/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Mediaspace Solutions, Inc., | |
| Defendant. | |

Craig D. Greenberg, Esq., and James T. Smith, Esq., Huffman, Usem, Crawford & Greenberg, PA, counsel for Plaintiff.

Andrew R. Shedlock, Esq., and Leland Patrick Abide, Esq., Kutak Rock LLP, counsel for Defendant.

# INTRODUCTION

This matter is before the Court on Defendant Mediaspace Solutions, Inc.'s ("Mediaspace" or "Defendant") Motion to Dismiss (Doc. No. 4). For the reasons set forth below, the Court grants in part and denies in part the motion.

# BACKGROUND

Plaintiff Little Rock Sun Times, LLC ("Little Rock Sun" or "Plaintiff") brought this action against Mediaspace to recover money allegedly owed for advertisements that ran in the Little Rock Sun newspaper from November 2017 to March 2018. (Doc. No. 1 ("Compl.") ¶ 8.) The case is rooted in *United States v. Phillip Morris, USA, et al.*, No. 99-cv-02496 (D.C. District Court) (the "Tobacco Litigation"). (*Id.* ¶¶ 5-6.) In the Tobacco Litigation, the court issued an order directing the tobacco industry defendants

within the Tobacco Litigation to place truthful tobacco advertising in certain selected newspapers and other outlets. (*Id.* ¶ 5.) The Order stated: "The Defendants will purchase a full newspaper page in the first section of the Sunday edition of the following newspapers, on the schedule listed in paragraph 6 below: . . . Little Rock Sun Community Newspaper." (Doc. No. 14 ("Larry Aff.") ¶ 7, Ex. B at 6.)

Plaintiff alleges that defendants in the Tobacco Litigation retained Mediaspace to place the court-ordered advertising in selected outlets around the country and to handle payments for the advertisements. (Compl. ¶ 6.) Plaintiff also alleges that "Defendant contracted for the placement of a series of full-page tobacco Newspaper ads along with digital advertising from Plaintiff (the "Advertising")." (*Id.* ¶ 7.) Further, Plaintiff alleges that the Advertising ran from November 2017 until March 2018 and that Plaintiff sent "Special Payment Instructions" to two of Mediaspace's employees directing Mediaspace to send all payments for the Advertising to Little Rock Sun in Arkansas. (*Id.* ¶¶ 8, 9 & Ex. A ("All payments shall be made by check payable to: The Little Rock Sun Community Newspaper, as set out in the Court's Order.").) Plaintiff alleges that Defendant then breached the contract by failing to pay for the Advertising and, instead, claims that Defendant appears to have paid an unauthorized third-party for the Advertising. (*Id.* ¶¶ 10, 16-17.)

Defendant asserts that it reached out to Dr. Julius Larry III, the publisher for Plaintiff, to arrange the placement of the Advertising in the Little Rock Sun. (Doc. No. 7

("Abide Decl." ¶ 5, Ex. D at 8.)[1] Defendant also asserts that Dr. Larry subsequently notified Defendant that Dr. Casey Roberts of Centipede Group LLC was Plaintiff's "Ad Buyer" and would handle the advertisement placement. (*Id*. at 8, 29.)[2] Defendant alleges that it then entered into a series of contracts titled "Insertion Orders" with Centipede Group, LLC, and per those agreements it sent its payment in full ($99,400) by check to Centipede's parent company, Feldean Group, LLC. (Doc. No. 8 ("Benson Aff.") ¶¶ 8, 9, Exs. A, E.)

In its opposition, Plaintiff argues that it retained Dr. Roberts as an independent contractor for a limited job related to upgrading the newspaper's electronic and online systems to accommodate the purchased advertising, and that at no time did Dr. Larry notify Defendant that Dr. Roberts or Centipede Group had any authority to bill or collect for the advertising. (Doc. No. 13 at 14; Larry Aff. ¶¶ 9, 10.) In addition, Plaintiff submits that the Insertion Orders show that the orders were between Mediaspace and the Little Rock Sun. (Benson Aff. ¶ 8, Ex. A.) On February 8, 2018, Dr. Larry notified

---

[1]   Defendant acknowledges that it has submitted exhibits that are not attached to the Complaint but urges the Court to consider the materials to the extent that they are part of the public record, do not contradict the Complaint, are necessarily embraced by the pleadings, or are properly considered via judicial notice. Plaintiff does not object to the submitted materials and, in response, submits its own extra materials and states that it would not object to converting the motion to one for summary judgment. (Doc. No. 13 at 16-17.) In addition, despite not having not filed a motion, Plaintiff asks the Court to rule in its favor and find that Defendant breached a contract with Plaintiff. (*Id*. at 15.)

[2]   Plaintiff submits that Dr. Larry did not write, send, or authorize the email in question. (Larry Aff. ¶ 17.)

Mediaspace that Centipede Group and Dr. Roberts were terminated from doing any type of work involving the Little Rock Sun. (Larry Aff. ¶ 31, Ex. I.)

Because of the dispute over payment, Dr. Larry filed an "emergency motion for payment" in the Tobacco Litigation. (Abide Decl. ¶ 4, Ex. C.) The Court denied the motion. However, the parties appear to dispute whether the Tobacco Litigation court decided the merits of the motion, and this lawsuit followed. (Larry Aff. ¶ 13, Ex. M.)

Plaintiff now asserts claims for breach of contract, unjust enrichment, account stated, quantum meruit, and breach of good faith and fair dealing. Defendant moves to dismiss this action in its entirety with prejudice.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Plaintiff alleges claims for breach of contract, account stated, unjust enrichment, quantum meruit, and breach of duty of good faith and fair dealing.[3] To state a breach-of-contract claim under Minnesota law, the claimant must allege: (1) formation of a valid contract; (2) performance of conditions precedent by the plaintiff; and (3) breach of the contract by the defendant. *See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014); *Toomey v. Dahl*, 63 F. Supp. 3d 982, 997-98 (D. Minn. 2014). To state a claim for unjust enrichment, "the claimant must show that another party (1) knowingly received something of value; (2) to which he was not entitled, and (3) that the circumstances are such that it would be unjust for that person to retain the benefit." *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001). Similarly, "a party may recover under quantum merit where he or she has conferred a benefit to

---

[3] Mediaspace moved to dismiss all claims, including Plaintiff's claims for account stated and for breach of duty of good faith and fair dealing. In its opposition, Plaintiff failed to respond to these arguments or to provide a legal basis for these claims. The Court therefore dismisses these claims without prejudice.

another and has not received reasonable compensation for this act." *Busch v. Model Corp.*, 708 N.W.2d 546, 552 (Minn. Ct. App. 2006).[4]

At the center of all of the causes of action asserted against Defendant is the allegation that Mediaspace breached an agreement with the Little Rock Sun by not paying its bill. Defendant asserts that it paid the bill in full by sending payment to Centipede Group. Defendant argues that the documents it has submitted, and in particular, the Insertion Orders, invoices, and proof of payment, demonstrate that Defendant paid the bill to the proper party and that Plaintiff does not have any plausible claim against Defendant. The Court highlights Defendant's arguments below.

First, Defendant argues that Plaintiff cannot plead a claim for breach of contract because Plaintiff has not plausibly alleged a contract between it and Mediaspace, the documents submitted demonstrate that Mediaspace did not breach any agreement, and Plaintiff has not plausibly pled damages. Defendant also argues that Plaintiff is not entitled to equitable relief because Defendant did not knowingly receive anything of value to which it is not entitled and has not been enriched unjustly.[5]

---

[4] Defendant maintains there is no material difference between unjust enrichment and quantum meruit and that at least one Minnesota court has described quantum meruit as simply a measure of remedy for unjust enrichment. *See, e.g.*, *Frank v. Gold'n Plump Poultry, Inc.*, No.04-CV-1018, 2007 WL 2780504, at *13 (D. Minn. Sept. 24, 2007); *Conus Commc'ns Co. v. Hubbell*, No. C5-99-2131, 2000 WL 979133, at *2 n.1 (Minn. Ct. App. July 18, 2000). Plaintiff disputes this point and asserts that it has sufficiently pled both claims. Regardless of how Minnesota law treats these two claims, the decision on the present motion is the same.

[5] In the alternative, Defendants argues that if the Court accepts the theory that a contract existed between the Little Rock Sun and Mediaspace, equitable relief is not

Plaintiff opposes the motion to dismiss, arguing that the motion is based on misstated facts, disputed facts, and the omission of relevant facts with bearing on the causes of action in this case. Plaintiff contends that Defendant's arguments that the Complaint is lacking are based on factual conclusions that are disputed by the allegations in the Complaint and matters presented outside of the pleadings. More specifically, Plaintiff argues that its Complaint sufficiently alleges claims for breach of contract, quantum meruit, and unjust enrichment, and that Defendant's arguments to the contrary improperly rely on the resolution of disputed facts. In this vein, in its opposition, Plaintiff lays out the allegations that support the above claims.

After careful consideration of the parties' respective arguments with respect to the remaining claims, the Court denies Defendant's motion to dismiss. Here, Plaintiff has alleged, in part, that: (1) the court in the Tobacco Litigation ordered the advertising in question; (2) Defendant was retained to handle the required advertising and pay for the same; (3) Plaintiff and Defendant entered into a contract for the placement of a series of newspaper and digital ads from Plaintiff; (4) the contract was valid and binding; (5) Plaintiff performed the advertising services under the contract; (6) Plaintiff provided Defendant with instructions for payment; (7) Plaintiff sent an invoice in the amount of $99,400.00 to Defendant; and (8) Defendant breached the contract and did not pay the invoice, causing Plaintiff to incur damages. (*See* Compl. ¶¶ 5-7, ¶¶ 9-10 12-13, 18-19 & Exs. A, B.) These allegations are sufficient to support Plaintiff's breach of contract

---

available because Plaintiff has an adequate remedy at law. *See Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992).

claim. In addition, in the alternative, Plaintiff alleges claims for quantum meruit and unjust enrichment, both of which are supported by allegations that Defendant obtained the value of the advertisements from Plaintiff and should pay Plaintiff for the value.

The Court notes that the parties' briefs reveal very different versions of the record and, in making their arguments, have submitted materials that fall outside the pleadings. The parties appear to agree that the Court can properly consider at least some of these materials. However, the contested nature of the factual allegations makes it clear that the Court cannot resolve the present motion on the pleadings. For example, with respect to the breach of contract claim, the parties disagree over who was a proper party to the contract and whether or not Defendant paid the proper party. In addition, the parties disagree on what constitutes the primary expression of the contract between the parties, and even if the parties agree that the expression is made in the Insertion Orders, the parties do not agree on the identity of the parties to the contract. Plaintiff maintains that the contract is unambiguous, but that if there is ambiguity about who the parties to the contract are, Plaintiff is not foreclosed from presenting extrinsic evidence. Moreover, Defendant's defense that it paid a third-party may require the Court to examine the law of agency and whether Plaintiff granted authority to Centipede Group to invoice and collect on its behalf and whether any such authority was terminated. The Court cannot determine these factual issues on the pleadings alone and the Court declines to convert this motion to a Rule 56 motion. Instead, the Court will consider a properly filed motion for summary judgment after discovery and when the parties have a complete record to present to the Court. At this time, the Court concludes that Plaintiff has sufficiently

alleged its claims for breach of contract, quantum meruit, and unjust enrichment and denies Defendant's motion to dismiss as to those claims.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. [4]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's motion is **GRANTED** with respect to Count Three (Account Stated) and Count Five (Breach of Duty of Good Faith and Fair Dealing) and Count Three and Count Five are **DISMISSED WITHOUT PREJUDICE**.

2. Defendant's motion is **DENIED** with respect to all other claims.

Dated:  October 22, 2021                                s/Donovan W. Frank
                                                       DONOVAN W. FRANK
                                                       United States District Judge